IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

"NEMESIS PERVICACIOUS"
(Being held as the Statutory
Person, to wit:
DOUGLAS TURNER),

        Plaintiff,

  v.

STATE OF OREGON; BRIAN BELLEQUE;
MICHAEL DODSON; MICHAEL YODER;
R. TILDEN; JEFF FORBES; AARON BALES;
RHEIDA CHASE; JOAN PALMATEER;
JENNIFER BJERKE; GERALD LONG;
LOU ALLEN; THOMAS WRIGHT; TRENT
AXON; CHUCK SEELY; BRIAN HEATH;
CAPTAIN REYNA; CAPTAIN KELLY;
LT. HARLOW; LT. MANU; LT. STEPHEN;
JACY DURAN; PETER HAYES; LT. LIMLEY;
LT. DAVIS; KAY McDONALD; SHERI
MELTON; GARY MACADOO; VERN GENSEN;
DAVID WAYNE; RICK TUCKER; JESSIE
PRESSLEY; MICHAEL FOX; RON CHASE;
PAUL AMSDEN; ARRON MATTESON;
DEPAUL JACKSON; MICHAEL HORSELY;
DENNIS WATERS; JOHN BRAY; CHRIS
ROCHA; DAVE FLOWERS; JOSH DOE;
THOMAS PARKER; VINCENT HARVEY;

Civil No. 05-1867-BR

ORDER TO DISMISS

1 - ORDER TO DISMISS -

DICK ALLEN; JOHN DOE aka Money Green;
FRANK JOHNSON; JAMES TUCKER; JAMES
KELLER; TOMMY MURR; DOUGLAS WALSH;
C/O KLINE; CRAIG CURRY; SIMON DOE;
LINCOLN JACKSON; J.C. DOE; JASON
DOE; JOHN DOE; KENNY TAYLOR; DOE
WHEELER; SHAWN ZIMMERMAKER; CALVIN
DOE I; CALVIN DOE II; DOE ROWELL;
DONALD PITCHFORTH; GERARD DOE;
ARTHUR TOLAN; RON VAN LEAKE; JOHN
SICKLER; CAPTAIN KORNEGAY; C/O
JONES; SGT. BEASLY; SGT. M. SMITH;
SGT. MATTESON; SGT. MULLER; SGT.
THOMLINSON; SGT. GORE father;
SGT. GORE son; SGT. WILBER;
SGT. VAN PATTEN; SGT. TAYLOR;
CRPL. SAM LACY; CRPL. PORKORNEY;
CRPL. VINEYARD; C/O ROWELL; C/O
BLAIN; C/O TIEL; C/O MARTIN;
C/O OLSEN; C/O SCHULTZ; C/O LOR;
CRPL. ANDERSON; C/O SCHILLER;
FOREST GROVE POLICE DEPARTMENT;
WASHINGTON COUNTY; DEAN FOSTER aka
Foggy; SANDI DUNLAP; DOE ARNOLD;
DOE RICH; DOE FORRESTER; JOHN DOE;
DOE ASHBOUGH; JON B. LUND; JOHN
LEWIS; DONALD LOUTERNEAU; MARKO
HERNANDEZ; GAIL NACHTIGAL; GREGORY
MILNES; ALAN BONEBRAKE; MICHAEL J.
McELLIGOTT; BOB ZARO; NANCY WALKER;
FRANK ROSALES; LINDA WRIGHT; DOE
SPINDEN; ROB GORDON; SHERRIE CHALORIE;
PATTY DOE Wash. Co. Jail Kitchen
Staff; DOE SCOVRAN; ROBERT DAVIS;
RAYMOND BASSELL; DAVID RICH; DOUGLAS
SPENCER; JULIA HAGEN; DOE HARRIS;
TOM COLLINS; JAMES L. FUN; SCOTT
UPHAM; RICK KNAPP; BOB HERMAN;
DANNY OLSEN; WILLIAM BLAIR; NORVIN
COOLEY; RUTH PATTERSON; CHRIS
HENKEL; SANDI DOE; CHARLENE SABIN;
WENDY BOURG; KATHLEEN SHELTON;
LEGACY EMANUEL HOSPITAL; CARES
NORTHWEST PROGRAM AGENCY; JOHN DOES
1-6; JANE DOES 1-12; CORPORATE
WASHINGTON COUNTY GRAND AND PETIT
JURORS; ANN CHRISTIAN; WALLACE P.

2 - ORDER TO DISMISS -

CARSON; MARY J. DEITZ; HARDY MYERS; MICHAEL DOE; KINGSLEY CRICK; JAMES NASS; STEPPANIE BOURESSA; JOHN KOSKELA; DIANE ALESSI; STEPHEN J. WILLIAMS; MONICA FINCH; BOARD OF PAROLE AND POST PRISON SUPERVISION; CHRISTINE JENSEN; ALLISON McKINSEY; DOE ST. DENNIS; MICHAEL WASHINGTON; RICHARD HARRIS; BOB LOWE; DAVID DOE; BILLY ANFIELD; TERRY LECRON; BRADY DOE; JOHN AND/OR JANE DOE Central City Concern Fourth Floor Managerial Estate Hotel Staff; JOHN AND JANE DOES Alleged Residents on Fourth Floor Estate Hotel; NORM BROWN; TOM POTTER; DOE FOXWORTH; JOHN DOE SPARKS; ARRON JOHNSON; DOE LARSON; RANDY LEONARD; ROBERT E. JONES; ANCER L. HAGGERTY; JOHN JELDERKS; PAUL GAYLE; TAMMARA ELI; CAMILE S. HICKMAN; JOHN DOE Federal Bureau of Investigation Agent #1; and JOHN DOE Federal Bureau of Investigation Agent #2,

Defendants.

BROWN, Judge.

Plaintiff brings this civil action *pro se*. Pursuant to an order entered by the court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Amended Complaint is dismissed.

## BACKGROUND

Plaintiff's 178-page Amended Complaint names some 189 Defendants, including but not limited to state agencies, state judges, federal judges, state prosecutors, correctional officials, and private individuals. The Amended Complaint contains myriad confusing allegations concerning citizen status, the status of

3 - ORDER TO DISMISS -

various federal laws, and apparent verbatim excerpts from various legal treatises. Upon review of this extensive document, Plaintiff does not allege the violation of any personal rights; nor does he allege what relief, if any, is sought by this action.

**DISCUSSION**

Pursuant to Fed. R. Civ. P. 3, "[a] civil action is commenced by filing a complaint with the court." Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . .
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and
> (3) a demand for judgment for the relief the pleader seeks.

If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); cf. Fed. R. Civ. P. 8(e)(1) ("each averment of a pleading shall be simple, concise, and direct").

The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without

4 - ORDER TO DISMISS -

merit--the requirement of a pleading to be "simple, concise, and direct," applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6). *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Plaintiff's Amended Complaint falls far short of satisfying the "simple, concise, and direct" pleading requirements described in Rule 8. Moreover, Plaintiff fails to specify what, if any relief he seeks. Accordingly, the Amended Complaint is dismissed.

Plaintiff shall have 30 days from the date of this order to file a Second Amended Complaint curing these deficiencies. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (before dismissing the complaint of a *pro se* litigant, the district court must provide notice of the deficiencies and an opportunity to amend the complaint effectively). Plaintiff is advised that his Second Amended Complaint must specifically include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific conduct Plaintiff alleges is unconstitutional. Plaintiff is advised that the Second Amended Complaint will operate as a complete substitute for the present Amended Complaint, not as a supplement. Plaintiff is cautioned that failure to file a Second Amended Complaint shall result in the dismissal of this proceeding.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Amended Complaint is DISMISSED. Plaintiff may file a Second Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file a Second Amended Complaint shall result in the dismissal of this proceeding.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Temporary Restraining Order" (#3) is DENIED, without prejudice to Plaintiff's right to re-file the motion upon compliance with this order.

IT IS SO ORDERED.

DATED this 10 day of February, 2006.

_____
ANNA J. BROWN
United States District Judge